UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X

**04  11850 GAO**

JOEL F. HOLUBAR,
    &
MARIANA H. HOLUBAR

MAGISTRATE JUDGE _____

               Plaintiffs,

v.

M/Y SWEET DISTRACTION, *in rem,*
CAPTAIN HAMMOND
    &
JOHN & JANE DOES

              Defendants.

-------------------------------------------------------X

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT & JURY DEMAND

Plaintiffs, Joel F. Holubar & Mariana H. Holubar by and through their undersigned counsel, hereby bring claims against the defendants, jointly and severally, and allege as follows:

### JURISDICTION & VENUE

1.    This Court has proper jurisdiction over this matter pursuant to: 28 U.S.C. § 1333 (a), 28 U.S.C. § 1333 (1) and 46 U.S.C.S. § App. 688 (2002).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (a)(2)&(3) as Defendants have committed tortious acts within the State of Massachusetts causing injury to the Plaintiffs.

### INTRODUCTION

3.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Specifically, this is an action for battery and negligence resulting from the negligent and improper operation of the motor

yacht ("M/Y") Cherosa, *vis a vis* its high rate of speed (more than 2x the permitted operational speed) during operation and passage through Hog Island Channel of the Cape Cod Canal on August 24, 2001.

## PARTIES

4.     Plaintiff, Joel F. Holubar DDS, is a natural person with a principle residence located within the State of New York, County of Suffolk, Hamlet of Brookhaven.

5.     Plaintiff, Mariana H. Holubar, is a natural person with a principle residence located within the State of New York, County of Suffolk, Hamlet of Brookhaven.

6.     Defendant, Captain Hammond, is a natural person, and upon information and belief was the Captain of the M/Y Sweet Distraction.

7.     Defendant M/Y Sweet Distraction *in rem*, upon information and belief, has United States Coast Guard ("USCG").

8.     John and Jane Does are other persons who as of today are unknown but are reasonably believed to be the owners and/or operators of M/Y Sweet Distraction.

## FACTS

9.     At all relevant times to this action, Plaintiffs are the owners of the documented marine vessel "Nordic Star", USCG Documentation Number 957765. Nordic Star is a 42-foot Jersey Dawn Sport Fisherman, with a fourteen (14) foot beam, and a dry displacement weight of approximately 32,000 lbs.

10.     Plaintiff, Joel F. Holubar, is a USCG approved captain maintaining a "Coast Guard Licensed Operator of Uninspected Passenger Vessel" license.

11.     On August 24, 2001, Plaintiffs were aboard Nordic Star traveling "east" bound in the Cape Cod Canal, a narrow and navigable waterway as defined by U.S.C. Title 33, supervised and managed by the United States Army Corps of Engineers.

12. Nordic Star and plaintiffs were traveling with the current and were entering the Hog Island Channel, the narrowest portion of the Cape Cod Canal.

13. Upon information and belief, the Hog Island Channel is approximately no more than four hundred (400) feet in width.

14. When Nordic Star reached the Hog Island Channel in the Cape Cod Canal when they became aware of a vessel "west" bound in the Cape Cod Canal.

15. The vessel was the M/Y Sweet Distraction.

16. The M/Y Sweet Distraction was west bound traveling against the current.

17. Without right or justification, the M/Y Sweet Distraction was negligently and with reckless abandon being operated at, and traveling in excess of, twenty (20+) knots, which is well in excess of the posted permitted and safe speed as set forth by the U.S. Army Corps of Engineers.

18. The wake, *i.e.*, waves, caused by the M/Y Sweet Distraction's excessive rate of speed, size, and displacement, in addition to the fact that she was traveling against the current, resulted in a wake well in excess of eight (8) feet in height. The wake's waves were of short intervals/intermissions, making their faces steep and abrupt.

19. Upon information and belief, Captain Hammond was captaining the M/Y Cherosa at all times in question on August 24, 2001.

20. Plaintiffs, upon realizing the size of the wake, took immediate and defensive evasive actions, but were limited in choice due to the size of the wake, close proximity of the M/Y Sweet Distraction and narrowness of the Hog Island Channel.

21. Upon repetitive impact of M/Y Sweet Distraction's wake, Nordic Star and Plaintiffs were severely tossed about "like a toy boat in a bathtub", demonstrative of the force and size of the wake.

22. As a result, Nordic Star was physically damaged, gear and equipment, including irreplaceable family memorabilia, were lost and damaged, and Plaintiffs were physically injured.

23.    Immediately following the wakes' impact, Plaintiffs contacted the USCG.

24.    Plaintiffs began to inspect the damage as they made their way to Sandwich Marina, located in the Cape Cod Canal.

26.    Upon arrival at the Sandwich Marina, Plaintiffs were met by USCG Officers, who documented and recorded the damage.

27.    Plaintiffs have subsequently sought medical attention, incurred pain and suffering, and lost wages as a proximate result of injuries sustained on August 24, 2001, stemming from the M/Y Sweet Distraction's operation.

28.    Plaintiffs have subsequently, and continue to, expend resources and money repairing the damage to Nordic Star, which was a proximate result of the occurrences on August 24, 2001, stemming from the M/Y Sweet Distraction's operation.

## CAUSES OF ACTION
### COUNT I
**(Assault & Battery)**

29.    Plaintiffs reallege paragraphs 1 through 28 as if fully stated herein.

30.    Defendants, acting by and through M/Y Sweet Distraction's operation, intended to cause offensive contact with Plaintiffs and did cause resultant, offensive and harmful contact with Plaintiffs.

31.    As a proximate result, Plaintiffs suffered substantial damages, including but not limited to personal injury, pain, suffering, emotional distress, substantial pecuniary losses and physical damage to Plaintiffs' property.

### COUNT II
**(Negligence – Personal Injury)**

32.    Plaintiffs reallege paragraphs 1 through 31 as if fully stated herein.

33.    Having entrusted the M/Y Sweet Distraction's to Defendant Hammond, Defendants owed a duty of care to Plaintiffs to train, instruct, and supervise operation of the M/Y Sweet Distraction in a legal and safe manner, and in compliance with applicable rules and regulations governing the M/Y Sweet Distraction's use and operation, and/or

otherwise preventing the use and operation of the M/Y Sweet Distraction's in a manner that was likely to cause harm.

34.    Defendants breached this duty by failing to train, instruct, and supervise the use and operation of the M/Y Sweet Distraction adequately, and/or by failing to otherwise prevent the use and operation of the M/Y Sweet Distraction in a manner that caused physical personal injury and harm to Plaintiffs.

35.    In failing to train, instruct, and supervise the use and operation of the M/Y Sweet Distraction adequately, and/or otherwise preventing the use and operation of the M/Y Sweet Distraction in a manner that caused physical personal injury and harm to Plaintiffs, Defendants acted willfully and/or intentionally, and/or with reckless disregard for Plaintiffs' rights, safety and well being.

36.    As the sole and proximate result of Defendants' actions and omissions, Plaintiffs suffered substantial damages, including but not limited to physical injuries, pain, suffering, emotional distress, and substantial pecuniary losses.

### COUNT III
### (Negligence – Physical Damage)

37.    Plaintiffs reallege paragraphs 1 through 36 as if fully stated herein.

38.    Having entrusted the M/Y Sweet Distraction's to Defendant Hammond, Defendants owed a duty of care to Plaintiffs to train, instruct, and supervise operation of the M/Y Sweet Distraction in legal and safe manner and in compliance with applicable rules and regulations governing the M/Y Sweet Distraction's use and operation, and/or otherwise preventing the use and operation of the M/Y Sweet Distraction in a manner that was likely to cause harm or damage.

39.    Defendants breached this duty by failing to train, instruct, and supervise the use and operation of the M/Y Sweet Distraction adequately, and/or by failing to otherwise prevent the use and operation of the M/Y Sweet Distraction's in a manner that caused harm to Plaintiffs' property.

40.    In failing to train, instruct, and supervise the use and operation of the M/Y Sweet Distraction adequately, and/or otherwise preventing the use and operation of the M/Y Sweet Distraction in a manner that caused harm to Plaintiffs' property, Defendants acted willfully and/or intentionally, and/or with reckless disregard for Plaintiffs' rights and property.

41.    As a sole and proximate result of Defendants' actions and omissions, Plaintiffs' property was substantially and significantly damaged.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs, pray this Court render judgment:

A.    awarding Plaintiffs actual damages, in an amount to be determined, but believed to be in excess of $175,000.00;

B.    awarding Plaintiffs consequential, compensatory and punitive/exemplary damages;

C.    awarding Plaintiffs their reasonable attorney fees, and

D.    directing such other and further relief as the Court may deem just and proper.

<u>JURY TRIAL DEMAND</u>

In accordance with the provisions of Federal Rules of Civil Procedure, 38(b) and 39, Plaintiffs hereby demand a trial by jury of all issues so triable.

JOEL F. HOLUBAR and
MARIANA H. HOLUBAR,
By their attorneys,

Dated: August 24, 2004

Lee T. Gesmer (BBO #190260)
Kurt Bratten (BBO #644730)
Susan M. Mulholland (BBO #635542)
Gesmer & Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
1-617-350-6800 (phone)
1-617-350-6878 (fax)
Of Counsel:
Bjorn J. Holubar
770 Lexington Avenue, 7th Fl
New York, New York 10021
1-212-980-1992 (direct)
1-212-755-4199 (fax)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Joel F. Holubar, et al. v.
M/Y Sweet Distraction, in rem, Captain Hammond & John & Jane Does

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL**
   **COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).**

   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE**
   **HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS**
   **COURT?**
   
   YES        (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE**
   **PUBLIC INTEREST?    (SEE 28 USC §2403)**
   
   YES        (NO)
   
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
   
   YES        (NO)

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE**
   **28 USC §2284?**
   
   YES        (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE**
   **COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE**
   **SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**
   
   YES        (NO)

   A.   **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**
   
        **EASTERN DIVISION**            **CENTRAL DIVISION**            **WESTERN DIVISION**

   B.   **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING**
        **GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?**
   
        **EASTERN DIVISION**            **CENTRAL DIVISION**            **WESTERN DIVISION**

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** __Kurt Bratten, Esq.__
**ADDRESS** Gesmer Updegrove, LLP, 40 Broad Street, Boston, MA  02109
**TELEPHONE NO.** __(617) 350-6800__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Joel F. Holubar and
Mariana H. Holubar

Suffolk Co.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  NY
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

M/Y Sweet Distraction, in rem,
Captain Hammond & John & Jane Does

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kurt Bratten, Esq.
Gesmer Updegrove LLP
40 Broad Street, Boston, MA  02109
BBO #635542
(617) 350-6800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is an action for battery and negligence resulting from negligent and improper operation of the motor yatch ("M/Y") Sweet Distraction in rem, during operation and passage through the Cape Cod Canal on August 24, 2001.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Damages in excess of $175,000

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

Honorable
JUDGE Judith G. Dein    DOCKET NUMBER 03-12404 NG

Kent Kholberger, The Chase Freedman Family Trust, M/Y Cherosa, in rem

DATE 08/24/04

SIGNATURE OF ATTORNEY OF RECORD
Kurt Bratten (for)

**UNITED STATES DISTRICT COURT**