```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
----------------------------------------------------------------X
                                              :
JOEL F. HOLUBAR,                              :
    &                                         :
MARIANA H. HOLUBAR                            :
                                              :
                        Plaintiffs,           :
                                              :        1:04-CV-11850
v.                                            :        (NG)(JD)
                                              :
M/Y SWEET DISTRACTION, in rem,                :
CAPTAIN HAMMOND                               :
    &                                         :
JOHN & JANE DOES                              :
                                              :
                        Defendants.           :
                                              :
----------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO EXTEND THE TIME FOR SERVICE OF PROCESS

### Introduction

Plaintiffs in this action by and through their attorneys, moves to extend the time of service of process on a defendant in an action, pursuant to Federal Rule of Civil Procedure 4(m). The Rule states that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative shall dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time; or, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

<u>Statement of the Relevant Facts</u>

An inquiry into registrations of the ship name "Sweet Distraction" has revealed numerous vessels with the same name.  Reasonable, diligent efforts have been made to investigate and compare the name of the ship with the factual circumstances of this case.  To date, the proper defendant has not yet been located.  In October in furtherance of efforts to locate and identify the correct addresses for the defendants Plaintiffs hired Vincent Parco, a private investigator, in order to launch an investigation into the vessel "Sweet Distraction", and to locate its owner in order to bring suit.  To date, the investigation by Mr. Parco is ongoing.

This action was commenced in the United States District Court, District of Massachusetts, on August 24, 2004.  The statute of limitations on the time to serve the defendant shall expire on December 24, 2004. Because of the inability to locate the vessel's owner despite diligent efforts, service of process has not, to this date, been affected.

<u>Argument</u>

**I.   RULE (4)(M) PERMITS THE COURT TO EXTEND THE TIME FOR SERVICE OF PROCESS FOR GOOD CAUSE SHOWN. THE PLAINTIFF HAS MADE DILIGENT EFFORTS TO IDENTIFY THE PROPER DEFENDANT, BUT HAS BEEN UNSUCCESSFUL. AN EXERCISE OF DISCRETION TO PERMIT THE EXTENSION OF TIME TO AFFECT SERVICE OF PROCESS FOR PLAINTIFF'S GOOD CAUSE UNTIL THE PROPER DEFENDANT IS IDENTIFIED WILL NOT RESULT IN HARM OR PREJUDICE TO THE DEFENDANT.**

Despite diligent efforts to locate the owner of the vessel "Sweet Distraction", the plethora of ships bearing the same name – as well as the time-consuming process of

comparing each vessel's registration with the factual circumstances of this case – have failed to yield the identity of the defendant sought to be served in this matter. These efforts have been conscientious and thorough, and thus, rise to the level of "good cause".

Because the identity of the proper defendant is still, as of yet, unknown, the delay in serving said defendant will not result in any prejudice. If the Court grants this motion and process is served upon the defendant in the future, the defendant will essentially be answering the litigation in the same circumstances as if he were served today.

A defendant cannot suffer prejudice until he has been put on notice of an action pending against him. "The core function of service of process is to supply notice of the pendency of legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654 (1996) (Where a mariner commenced an action for personal injuries and encountered procedural difficulties due to conflicting subject matter jurisdictional laws while attempting to affect service upon the defendant). In Henderson, the Supreme Court noted that, before the amendments to the Rules in 1983, there was no time limitation, and that the time limitation put in place was deemed necessary only because the primary responsibility for service shifted from federal marshals to the plaintiff. Id., at 662. The language in the amended rule – "or direct that service be effected within a specified time" – clearly indicates the intent for the courts to exercise their discretion in considering such matters.

Conclusion

For the foregoing reasons, Plaintiffs move the Court to permit an extension of the time to identify, locate, and serve the appropriate defendant in this matter, and any such further and additional relief as this court may deem just and proper.

Dated:   New York, New York
         December 21, 2004

JOEL F. HOLUBAR and
MARIANA H. HOLUBAR,
By their attorneys,

Bjorn J Holubar /s/

_____
Lee T. Gesmer (BBO #190260)
Kurt Bratten (BBO #644730)
Gesmer & Updegrove LLP
40 Broad Street
Boston, Massachusetts 02109
1-617-350-6800 (phone)
1-617-350-6878 (fax)

Of Counsel:

Bjorn J. Holubar
770 Lexington Avenue, 7th Fl
New York, New York 10021
1-212-980-1992 (direct)
1-212-755-4199 (fax)